

VIA EMAIL & CERTIFIED MAIL                                        August 20, 2021

The Hon. Jena Griswold
Colorado Secretary of State
1700 Broadway, Ste. 550
Denver, CO 80290
Email: elections@sos.state.co.us; judd.choate@sos.state.co.us; hilary.rudy@sos.state.co.us; Melissa.Kessler@coloradosos.gov

**RE: Notice of NVRA Violation**

Dear Secretary Griswold:

Pursuant to 52 U.S.C. § 20510(b)(1), this letter serves as statutory notice to you as Colorado's chief election official that Colorado is in violation of the National Voter Registration Act (NVRA) for failure to permit inspection and reproduction of public records as required by the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i).

You are hereby notified that you now face federal litigation if you continue to deny access to the requested records.

**Background**

The NVRA requires each state and the District of Columbia to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). The records the NVRA describes are commonly referred to as "voter list maintenance" records.

On June 24, 2021, pursuant to the NVRA, the Foundation requested from the Colorado Secretary of State ("CO SOS") the opportunity to inspect or receive certain voter list maintenance records. The Foundation requested (1) "[a]ll 'ERIC Data' received from [the Electronic Registration Information Center ("ERIC")] during the years 2019, 2020, and 2021 concerning registered voters identified as deceased or potentially deceased"[1] and (2) "all reports and/or statewide-voter-registration-system-generated lists showing all registrants removed from the list of eligible voters for reason of death for the years 2019, 2020, and 2021." The Foundation requested a response by July 9, 2021. A copy of the Foundation's June 24 request is enclosed with this letter.

---

[1] As explained in the Foundation's June 24 request, "ERIC Data" is a term used in ERIC's membership agreement to described "data included in reports provided by ERIC" to member states concerning deceased and relocated registrants, and other information related to voter registration list maintenance. *See* ERIC Membership Agreement at Section 4(a) (page 15), *available at* https://ericstates.org/wp-content/uploads/2020/02/ERIC_Bylaws_01-2020.pdf (last accessed Aug. 19, 2021).

CO SOS did not acknowledge or respond to the Foundation's June 24 request. On July 16, 2021, the Foundation requested an update from CO SOS regarding the status of the request. CO SOS did not acknowledge or respond to the Foundation's request for an update. On August 18, 2021, the Foundation again requested an update from CO SOS regarding the status of the request. On August 18, 2021, CO SOS contacted the Foundation via email and provided CO SOS's response to the Foundation's request.

**CO SOS Responses**

Request 1: "*All 'ERIC Data' received from ERIC during the years 2019, 2020, and 2021 concerning registered voters identified as deceased or potentially deceased.*"

CO SOS denied Request 1 pursuant to the federal Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, and 15 C.F.R. § 1110 by operation of C.R.S. 24-72-204(1). CO SOS does not explain why the DPPA prohibits disclosure of ERIC Data concerning deceased or potentially deceased registrants.

Request 2: "*All reports and/or statewide-voter-registration-system-generated lists showing all registrants removed from the list of eligible voters for reason of death for the years 2019, 2020, and 2021. Such lists will optimally include unique voter identification numbers, county or locality, full names, addresses, and dates of birth.*"

CO SOS granted in part and denied in part the Foundation's second request. CO SOS provided a list of registrants removed from Colorado's voter roll for the reason of death for the years 2019, 2020, and 2021. CO SOS denied the Foundation's request for full dates of birth on the grounds that C.R.S. 24-72-204(8)(a) prohibits disclosure of that information.

**Violation of the National Voter Registration Act**

As explained in the Foundation's June 24, 2021 request, the NVRA requires election officials to make available for public inspection "**all records** concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1) (emphasis added). The requested records fall within the scope of this broad disclosure mandate. The NVRA exempts only two pieces of information— (1) a declination to register to vote, and (2) the identity of a voter registration agency through which any particular voter is registered. 52 U.S.C. § 20507(i)(1). The Foundation does not seek either of those things and the NVRA exempts no other records.

Neither other federal statutes nor federal regulations supersede or override as a matter of law the NVRA's public inspection requirements. And Colorado's open records laws are inapplicable here because the Foundation's request is made pursuant to the NVRA, a federal law. Furthermore, any Colorado law that limits disclosure of the requested records (or data within them) is without force in these circumstances because the NVRA, as a federal enactment, is superior to conflicting state laws under the Constitution's Elections and Supremacy Clauses.

Failure to permit public inspection or otherwise provide copies of the requested records is a violation of federal law for which the NVRA provides a private-right-of-action. 52 U.S.C. § 20510(b).

Secretary Griswold is hereby notified that Colorado is violating the NVRA and that litigation may commence against her office if the violations described herein are not cured within 90 days of the receipt of this letter. 52 U.S.C. § 20510(b)(2). For lawsuits initiated by a private party, an award of attorney's fees, expenses, and costs incurred is available under 52 U.S.C. § 20510(c). The Foundation was recently awarded attorney's fees and litigation expenses as the prevailing party in an action to enforce the NVRA's public inspection rights.[2]

**The Foundation believes this matter can be lawfully and amicably cured in the following way:**

1. **CO SOS shall provide to the Foundation the requested "ERIC Data" reports with unique voter identification numbers. The Foundation will consent, in this instance, to the redaction of all data elements contained in the Limited Access Death Master File ("LADMF") and protected by 15 C.F.R. § 1110** *et seq.***, such as SSN dates of birth, SSN dates of death, SSN death locations, and full/partial SSN numbers.**

The assignment of unique voter identification numbers to each registrant is required by the Help America Vote Act, 52 U.S.C. § 303(a)(1)(A). The NVRA makes voter identification numbers subject to public inspection. Voter identification numbers are not contained in the LADMF or driver's license records and therefore neither the C.F.R. nor the DPPA governs or prohibits their disclosure. For these reasons, CO SOS must allow the Foundation access to ERIC Data with voter identification numbers.

If the violations described herein are not cured in the time afford by law, we will have no choice but to pursue remedies in federal court.

Please contact me to arrange for secure transmission of the requested records, if necessary.

Thank you for your continued attention on this matter.

Sincerely,

Logan Churchwell
Research Director
Public Interest Legal Foundation

---

[2] Doc. 97, *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-0981 (entered June 30, 2021).