

VIA EMAIL & CERTIFIED MAIL                                                December 3, 2021

The Hon. Jena Griswold
Colorado Secretary of State
1700 Broadway, Ste. 550
Denver, CO 80290
Email: elections@sos.state.co.us; Chris.Beall@coloradosos.gov; judd.choate@sos.state.co.us; hilary.rudy@sos.state.co.us; Melissa.Kessler@coloradosos.gov

**RE: Notice of NVRA Violation**

Dear Secretary Griswold:

Pursuant to 52 U.S.C. § 20510(b)(1), this letter serves as statutory notice to you as Colorado's chief election official that Colorado is in violation of the National Voter Registration Act (NVRA) for failure to maintain voter list maintenance records for at least two (2) years, as required by the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i).

You are hereby notified that you now face federal litigation if you do not take steps to cure your violation of law.

**Background**

Section 8(i) of the NVRA provides,

> Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

52 U.S.C. § 20507(i)(1) (emphasis added). The records the NVRA describes are commonly referred to as "voter list maintenance" records.

On June 24, 2021, pursuant to the NVRA, the Foundation requested from the Colorado Secretary of State ("COSOS") the opportunity to inspect or receive certain voter list maintenance records. The Foundation requested (1) "[a]ll 'ERIC Data' received from [the Electronic Registration Information Center ("ERIC")] during the years 2019, 2020, and 2021 concerning registered voters identified as deceased or potentially deceased" and (2) "all reports and/or statewide-voter-registration-system-generated lists showing all registrants removed from the list of eligible voters for reason of death for the years 2019, 2020, and 2021."

32 E. Washington Street, Suite 1675, Indianapolis, Indiana 46204
Telephone: 317.203.5599   Fax: 888.815.5641   PublicInterestLegal.org

EXHIBIT E

On August 18, 2021, COSOS denied Request 1, related to "ERIC Data." The Foundation previously notified Secretary Griswold, on August 20, 2021, that her denial of that request violates the NVRA. Your office has still not cured that violation.

On November 18, 2021, COSOS wrote a letter to the Foundation, in which your office confirmed the denial of our records request. Your office also explained that "[e]ach month" the Colorado Department of State "receives a deceased voter list created by ERIC based on a comparison of data sources that ERIC obtains from a variety of sources[.]" Your office explained further that "[t]hese data, in conjunction with data imported into SCORE from other sources, make up the list maintenance record that CDOS relies on." In other words, your office "relies on" the "deceased voter list created by ERIC" to perform voter list maintenance.

However, your letter explains that your office "only maintain copies of the deceased voter lists received from ERIC for a few months," rather than the two (2) years the NVRA requires.

**Violation of the National Voter Registration Act**

As your office's letter explains, Colorado relies on the "deceased voter list created by ERIC" to perform voter list maintenance. That deceased voter list is therefore a record within the scope of the NVRA's Public Disclosure Provision, 52 U.S.C. § 20507(i)(1). However, your office admits that it does not maintain that deceased voter list for two (2) years.

Failure to maintain voter list maintenance records for at least two (2) years is a violation of federal law for which the NVRA provides a private-right-of-action. 52 U.S.C. § 20510(b).

Secretary Griswold is hereby notified that Colorado is violating the NVRA and that litigation may commence against her office if the violations described herein are not cured within 90 days of the receipt of this letter. 52 U.S.C. § 20510(b)(2). For lawsuits initiated by a private party, an award of attorney's fees, expenses, and costs incurred is available under 52 U.S.C. § 20510(c). The Foundation was recently awarded attorney's fees and litigation expenses as the prevailing party in an action to enforce the NVRA's public inspection rights.[1]

If the violations described herein are not cured in the time afford by law, we will have no choice but to pursue remedies in federal court.

Thank you for your continued attention on this matter.

Sincerely,

Logan Churchwell
Research Director
Public Interest Legal Foundation

---

[1] Doc. 97, *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-0981 (entered June 30, 2021).