IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as
Secretary of State for the Colorado,

    Defendant.

## UNOPPOSED MOTION TO VACATE SCHEDULING CONFERENCE AND STAY DISCOVERY AND DISCLOSURES

Defendant requests that the Court vacate the upcoming February 24, 2022 scheduling conference and associated deadlines, and stay discovery and initial disclosures under Rule 26(a)(1) for six months pending resolution of Defendant's forthcoming Motion to Dismiss. Defendant further requests the Court enter an order requiring the parties to meet and confer about extending the stay before its expiration. Under D.C. Colo.LCivR 7.1(a), Defendant's counsel conferred in good faith with Plaintiff's counsel regarding the relief requested by this Motion. Plaintiff does not oppose the relief requested by this Motion.

### PROCEDURAL BACKGROUND

Plaintiff, the Public Interest Legal Foundation, Inc., filed its Complaint on December 16, 2021, alleging that Defendant, the Colorado Secretary of State, violated the public disclosure provision of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1). The Secretary waived service on January 25, 2022, and her responsive pleading deadline is

March 28, 2022. The Secretary intends to file on or before the responsive pleading deadline a dispositive Motion to Dismiss that, if granted, will fully resolve the case. Indeed, the District of Columbia Board of Elections recently filed a dispositive Motion to Dismiss in a near-identical lawsuit also brought by Plaintiff. *See Pub. Interest Legal Found. v. Evans*, No. 21-3180 (FYP) (D.D.C.) (Doc. 9). As in the District of Columbia case, the Secretary intends to argue that, even taking all of Plaintiff's allegations as true, the Complaint fails to state a claim upon which relief can be granted.

A scheduling conference is currently scheduled before the Magistrate Judge on February 24, 2022, at 11:15 a.m. *See* Doc. 6. The Secretary requests that the scheduling conference and associated deadlines should be vacated, and a six-month stay of discovery and disclosures should enter pending a ruling on the Secretary's forthcoming Motion to Dismiss. The Secretary further requests that the Court enter an order requiring that the parties meet and confer about seeking to extend the stay before its expiration if the Motion to Dismiss remains pending.

## ARGUMENT

I.   **Discovery and disclosures should be stayed for six months pending the Court's resolution of the Motion to Dismiss.**

Federal courts recognize that staying discovery and disclosure deadlines may be appropriate when an early dispositive motion may fully resolve the case. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Colo. ex rel. Suthers v. Western Sky Fin., L.L.C.*, No. 11-cv-00887-RED-KMT, 2011 WL 2457861, *3 (D. Colo. June 20, 2011) (citing *Vivid Techs.*); *String Cheese Incident, LLC v.*

2

*Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, *6 (D. Colo. March 30, 2006) (temporarily staying case "to allow for the potential of a ruling on the motion to dismiss"). The decision is within the Court's discretion because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

The civil rules, while not expressly contemplating a stay of discovery, permit the Court to "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)-(c)(1)(A). Federal courts in this district have interpreted this rule to authorize a stay of discovery to fully resolve a dispositive motion. *See Western Sky*, 2011 WL 2475861, at *1–2 (citing Rule 26).

In considering a stay, courts consider: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC*, No. 1:02-CV-01934, 2006 WL 894955, at *2 (citations omitted).

Here, each of these factors weighs in favor of staying discovery and disclosures.

- ***Plaintiff's Interest.*** Plaintiff will suffer no prejudice from staying discovery and disclosures for six months pending an outcome on the Secretary's forthcoming Motion to Dismiss. Indeed, Plaintiff does not oppose the relief sought by this Motion.

- ***Burden on Defendant.*** The burden on the Secretary if a stay is not granted is conversely high. A stay is warranted to avoid forcing the Secretary to engage in burdensome discovery and disclosures that may ultimately be unnecessary. *See String Cheese*, 2006 WL 894955, at *4 (finding that "subjecting a party to discovery when a motion to dismiss . . . is pending may subject him to undue burden or expense"). For example, the Complaint alleges three instances of people in Colorado voting in the names of deceased individuals. *See* Doc. 1, at 8. Determining the truth and veracity of these allegations, should it become necessary, could involve depositions and other third-party discovery. The Complaint also makes allegations that rely on multiple academic studies, third-party studies, and professor statements. *See id.* at 6-7. These allegations suggest that expert discovery may well be a possibility, deepening the expense the parties may incur if discovery proceeds.

As a steward of taxpayer money, the Secretary seeks to conserve limited government resources and expend them only when it is clear that this case will move past the Motion-to-Dismiss stage. *See Colo. Cas. Ins. Co. v. Brock USA LLC*, No. 11- cv-02527-DME-KMT, 2012 WL 1110092, at *2 (D. Colo. Apr. 3, 2012) (concluding a stay of discovery was appropriate to "abate expenses that would be

4

incurred in connection with fact and expert discovery" pending a ruling on the dispositive motion).

- **Convenience to the Court**. "[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Advanced Career Techs., Inc. v. Does*, No. 13-cv-00304-WJM-KLM, 2014 WL 3749218, at *1 (D. Colo. July 30, 2014) (citations omitted). Staying discovery and disclosures on claims that may well be dismissed will relieve this Court from having to needlessly oversee scheduling issues and adjudicate discovery disputes.

- **Interests of Non-Parties.** Discovery in this matter may require the cooperation and involvement of a number of non-parties, such as the Electronic Registration Information Center ("ERIC")—the creator of the records that Plaintiff has requested under the NVRA. *See* Doc. 1, at 3-7 (expending 20 paragraphs in the Complaint explaining ERIC, its relationship to Colorado and other member states, and "[c]riticism of ERIC"). These non-parties may be significantly burdened by this litigation proceeding in the normal course, particularly if the Secretary's Motion to Dismiss is granted after substantial time and energy has already been spent on discovery.

- **Public Interest.** The public has an interest in the "efficient and just resolution" of this matter. *See Hedin v. Amedisys Holding, L.L.C.*, No. 13-cv-02150-REB-KLM, 2013 WL 6075796, at *2 (D. Colo. Nov. 19, 2013). "Avoiding wasteful efforts by the Court clearly serves this interest." *Id.*

5

Accordingly, because each factor bearing on whether to stay civil discovery and disclosures favors a stay, the Secretary respectfully request this Court enter an order (1) vacating the February 24, 2022 scheduling conference and associated deadlines, (2) staying all discovery and disclosures for six months, and (3) requiring that the parties meet and confer about seeking to extend the stay prior to its expiration if the Motion to Dismiss remains pending.

Dated: February 11, 2022

PHILIP J. WEISER
Attorney General

s/ Stefanie Mann
GRANT T. SULLIVAN*
Assistant Solicitor General
STEFANIE MANN*
Senior Assistant Attorney General
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone:  720-508-6349 (Sullivan)
E-Mail:   grant.sullivan@coag.gov
              stefanie.mann@coag.gov
*Counsel of Record
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2022, I served a true and complete copy of the foregoing **UNOPPOSED MOTION TO VACATE SCHEDULING CONFERENCE AND STAY DISCOVERY AND DISCLOSURES,** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

Noel Henry Johnson
Kaylan L. Phillips
Public Interest Legal Foundation
32 East Washington St.
Suite 1675
Indianapolis, IN  46204
njohnson@publicinterestlegal.org
kphillips@publicinterestlegal.org
*Attorneys for Plaintiff*


                                      *s/* Xan Serocki
                                      *Xan Serocki*