IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC., Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State for the State Colorado, Defendant.

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant, Jena Griswold, in her official capacity as Secretary of State of Colorado, opposes Plaintiff's Motion for Leave to File Surreply because (1) it is not proper material for the Court to consider on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and (2) the surreply is not filed to address new arguments or evidence asserted in the Secretary's Reply in Support of her Motion to Dismiss.

**BACKGROUND**

Plaintiff filed its complaint on December 16, 2021, alleging that the Secretary has failed to comply with the National Voter Registration Act's public disclosure provisions by denying Plaintiff access to records it believes falls within the scope of that provision. Doc. 1, ¶ 69; 52 U.S.C. § 20507(i). The Secretary subsequently filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Doc. 23. That motion was fully briefed as of May 26, 2022. Plaintiff then filed its Motion for Leave to File Surreply to present information to the Court that "was not available to the [Plaintiff] at the time the [Plaintiff] filed its response to [the Secretary's] motion to dismiss." Doc. 29. More specifically, Plaintiff wishes to include a January 12, 2021, email obtained by Plaintiff through a public records request submitted to a Rhode Island government agency. Doc.

29-1.

## LEGAL STANDARD

"[N]either the Federal Rules of Civil Procedure nor the Court's Local Rules explicitly afford litigants an opportunity to file a surreply." *Lazarov v. Kimmel*, No. 10-cv-01238-CMA, 2011 WL 165180, at *4 (D. Colo. Jan. 18, 2011). "[T]he opportunity to file a surreply is not a foregone conclusion." *Id.* Instead, surreplies are permitted "under 'rare circumstances' after good cause is shown." *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 902-03 (D. Kan. 2021) (quoting *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)).

"A party may be given leave to file a surreply when the movant raises new arguments or relies on new evidence in their reply brief." *Tolbert v. High Noon Productions, LLC*, No. 20-cv-01734-DDD-NYW, 2021 WL 2661649, at *5 (D. Colo. June 29, 2021) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)). "Yet the new arguments or new evidence must be material to the outcome of the motion at issue." *Id.*

## ARGUMENT

Plaintiff's Motion for Leave to File Surreply should be denied for two reasons. First, the material Plaintiff wishes to include in its surreply is not proper material for the Court to consider at this juncture of the case. When considering a motion to dismiss under Rule 12(b)(6), the Court may consider the contents of the complaint, documents incorporated by reference in the complaint, documents referred to in and central to the complaint, and matters of which the Court may take judicial notice. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). The email Plaintiff attaches to its proposed surreply does not fit any of these categories. Rather,

Plaintiff seeks to introduce evidence not mentioned anywhere in the complaint. That is improper at this stage. Indeed, in the near-identical case brought by Plaintiff in the District of Columbia, the district court denied Plaintiff leave to submit the same email in a surreply for this exact reason. In denying leave, the court explained that it could "consider only those documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice." *Pub. Interest Legal Found. v. Evans*, No. 21-cv-03180-FYP (D.D.C. Aug. 2, 2022) (minute order attached as *Exhibit A*). Similarly here, the email attached to Plaintiffs' proposed surreply is not proper material for the Court to consider when deciding the Secretary's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

Second, Plaintiff fails to make any showing that a surreply is warranted under the circumstances this case. The only circumstance under which a surreply is even potentially justified is when a movant raises new arguments or evidence in a reply brief. *See Tolbert*, 2021 WL 2661649, at *5. At no time has Plaintiff stated that a surreply is necessary to respond to new arguments or evidence asserted in the Secretary's Reply in Support of her Motion to Dismiss Doc. 28. Instead, Plaintiff wishes to file its surreply to present new information that is not responsive to either the Secretary's Motion to Dismiss or her Reply. That is improper. *See Tolbert*, 2021 WL 2661649, at *5 (denying leave for surreply because "none of those arguments are material to the outcome of the Court's ruling"). Moreover, if information related to the email exhibit was essential to Plaintiffs' claims, Plaintiff could have included information about the email in its complaint or attached it as an exhibit. Plaintiff had every opportunity to seek the email through an open records request before filing its complaint; the email Plaintiff wishes to include in its surreply is dated January 12, 2021, yet Plaintiff's complaint was not filed until

3

eleven months later on December 16, 2021. *See Securities & Exch. Comm'n v. Harman Wright Group, LLC*, 777 Fed. App'x 276, 278 (10th Cir. 2019) (affirming denial of leave to file a surreply where appellants "give no reason why the arguments they wanted to make in their sur-reply had not been available to them" earlier). Accordingly, Plaintiff has not demonstrated good cause for its proposed surreply.

## CONCLUSION

For these reasons, Plaintiff's Motion for Leave to File Surreply should be denied. In the event the Court grants Plaintiff's Motion for Leave to File Surreply, the Secretary requests the opportunity to respond to the new arguments Plaintiff seeks to advance.

Respectfully submitted this 12th day of August, 2022.

                      PHILIP J. WEISER
                      Attorney General

                      s/ Grant T. Sullivan
                      s/ Stefanie Mann
                      GRANT T. SULLIVAN*
                      Assistant Solicitor General
                      STEFANIE MANN*
                      Senior Assistant Attorney General
                      Public Officials Unit / State Services Section
                      Ralph L. Carr Colorado Judicial Center
                      1300 Broadway, 6th Floor
                      Denver, Colorado  80203
                      Telephone:  720 508-6349 (Sullivan)
                      E-Mail:  grant.sullivan@coag.gov
                               stefanie.mann@coag.gov
                      *Counsel of Record
                      Attorneys for Defendant Griswold

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2022, I e-filed the foregoing **RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY,** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or e-mail, addressed as follows:

Noel Henry Johnson
Kaylan L. Phillips
Public Interest Legal Foundation
32 East Washington St.
Suite 1675
Indianapolis, IN 46204
njohnson@publicinterestlegal.org
kphillips@publicinterestlegal.org
*Attorneys for Plaintiff*

                                                *s/* Xan Serocki
                                                *Xan Serocki*