IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as
Secretary of State for the Colorado,

    Defendant.

## PARTIALLY UNOPPOSED MOTION TO CONTINUE STAY OF DISCOVERY AND DISCLOSURES

Defendant, Jena Griswold ("the Secretary"), in her official capacity, requests the Court continue the current stay of discovery and initial disclosures pending resolution of the Secretary's fully briefed Motion to Dismiss. All discovery, including initial disclosures, are currently stayed until further order of the Court. Doc. 16. Under the same court order staying discovery and disclosures, the parties were required to confer regarding the status of the case by August 15, 2022, and file a motion by August 19, 2022, asking the Court either to lift the stay and set a scheduling conference or alternatively to continue the stay. *Id.*

Certificate of Conferral: Under D.C. Colo.LCivR 7.1(a), and in accordance with the Court's order, the parties conferred regarding the status of the case. Plaintiff does not oppose a extending the stay until September 15, 2022. Beyond that date, Plaintiff opposes extending the stay. The Secretary requests the Court extend the current stay, beyond September 15, 2022 if necessary, to permit the Court time to resolve the Secretary's fully briefed Motion to Dismiss.

**ADDITIONAL PROCEDURAL BACKGROUND**

Plaintiff, the Public Interest Legal Foundation, Inc., filed its Complaint on December 16, 2021, alleging that the Secretary violated the public disclosure provision of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1). The Secretary filed a Motion to Dismiss that, if granted, will fully resolve the case. While that motion was fully briefed as of May 26, 2022, Plaintiff filed a Motion for Leave to File Surreply on July 22, 2022. The Secretary filed her response opposing that motion on August 12, 2022.

**ARGUMENT**

**I.   Discovery and disclosures should remain stayed pending the Court's resolution of the fully briefed Motion to Dismiss.**

Federal courts recognize that staying discovery and disclosure deadlines may be appropriate when an early dispositive motion may fully resolve the case. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Colo. ex rel. Suthers v. Western Sky Fin., L.L.C.*, No. 11-cv-00887-RED-KMT, 2011 WL 2457861, *3 (D. Colo. June 20, 2011) (citing *Vivid Techs.*); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, *6 (D. Colo. March 30, 2006) (temporarily staying case "to allow for the potential of a ruling on the motion to dismiss"). Indeed, the Magistrate Judge previously recognized in this case the benefits of staying discovery and disclosures while a dispositive motion is pending. *See* Doc. 16 (stating "[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance

of the suit' when, as here, a dispositive motion is pending.") (quoting *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010)).

The decision to stay a case is within the Court's discretion because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

The civil rules, while not expressly contemplating a stay of discovery, permit the Court to "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)-(c)(1)(A). Federal courts in this district have interpreted this rule to authorize a stay of discovery to fully resolve a dispositive motion. *See Western Sky*, 2011 WL 2475861, at *1–2 (citing Rule 26). In considering a stay, courts consider: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC*, No. 1:02-CV-01934, 2006 WL 894955, at *2 (citations omitted).

Here, each of these factors weighs in favor of continuing the stay discovery and disclosures until the Motion to Dismiss is resolved.

- ***Plaintiff's Interest.*** Plaintiff will not be prejudiced by continuing the stay of discovery and disclosures. While Plaintiff may have an interest in proceeding more quickly with resolution of this case, such an interest does not rise to the level of prejudice. Plaintiff has already agreed to a stay through at least September 15, 2022, demonstrating the lack of prejudice. *See* Certificate of Conferral, *supra*. And given that discovery and disclosures have already been stayed since February 2022, a stay for the remaining period necessary for the Court to resolve the pending Motion to Dismiss will not prejudice Plaintiff. Notably, Plaintiff has filed a near-identical lawsuit against the executive director of the District of Columbia's board of elections. *See Pub. Interest Legal Found., Inc. v. Evans*, No. 21-cv-03180-FYP (D.D.C.). Discovery and disclosures in that case are likewise not moving forward until the executive director's fully briefed Motion to Dismiss is decided.
- ***Burden on Defendant.*** The burden on the Secretary if a stay is not granted is conversely high. A stay is warranted to avoid forcing the Secretary to engage in burdensome discovery and disclosures that may ultimately be unnecessary. *See String Cheese*, 2006 WL 894955, at *4 (finding that "subjecting a party to discovery when a motion to dismiss . . . is pending may subject him to undue burden or expense"). For example, the Complaint alleges three instances of people in Colorado voting in the names of deceased individuals. *See* Doc. 1, at 8. Determining the truth and veracity of these allegations, should it become necessary, could involve depositions and other third-party discovery. The Complaint also makes allegations

4

that rely on multiple academic studies, third-party studies, and professor statements. *See id.* at 6-7. These allegations suggest that expert discovery may well be a possibility, deepening the expense the parties may incur if discovery proceeds.

As a steward of taxpayer money, the Secretary seeks to conserve limited government resources and expend them only when it is clear that this case will move past the motion-to-dismiss stage. *See Colo. Cas. Ins. Co. v. Brock USA LLC*, No. 11-cv-02527-DME-KMT, 2012 WL 1110092, at *2 (D. Colo. Apr. 3, 2012) (concluding a stay of discovery was appropriate to "abate expenses that would be incurred in connection with fact and expert discovery" pending a ruling on the dispositive motion).

- **Convenience to the Court**. "[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Advanced Career Techs., Inc. v. Does*, No. 13-cv-00304-WJM-KLM, 2014 WL 3749218, at *1 (D. Colo. July 30, 2014) (citations omitted). Staying discovery and disclosures on claims that may well be dismissed will relieve this Court from having to needlessly oversee scheduling issues and adjudicate discovery disputes.

- **Interests of Non-Parties.** Discovery in this matter may require the cooperation and involvement of a number of non-parties, such as the Electronic Registration Information Center ("ERIC")—the creator of the records that Plaintiff has requested under the NVRA. *See* Doc. 1, at 3-7 (expending 20 paragraphs in the Complaint explaining ERIC, its relationship to Colorado and other member states, and

"[c]riticism of ERIC"). These non-parties may be significantly burdened by this litigation proceeding in the normal course, particularly if the Secretary's Motion to Dismiss is granted after substantial time and energy has already been spent on discovery.

- **Public Interest.** The public has an interest in the "efficient and just resolution" of this matter. *Hedin v. Amedisys Holding, L.L.C.*, No. 13-cv-02150-REB-KLM, 2013 WL 6075796, at *2 (D. Colo. Nov. 19, 2013). "Avoiding wasteful efforts by the Court clearly serves this interest." *Id.*

Accordingly, because each factor bearing on whether to stay civil discovery and disclosures favors a stay, the Secretary respectfully request this Court enter an order continuing the current stay of discovery and disclosures pending resolution of the Secretary's Motion to Dismiss.

Dated: August 18, 2022.

                                          PHILIP J. WEISER
                                        Attorney General

                                        /s/ Stefanie Mann
GRANT T. SULLIVAN*
Assistant Solicitor General
STEFANIE MANN*
Senior Assistant Attorney General
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: 720-508-6349 (Sullivan)
E-Mail: grant.sullivan@coag.gov
         stefanie.mann@coag.gov
*Counsel of Record
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I e-filed the foregoing **PARTIALLY UNOPPOSED MOTION TO CONTINUE STAY OF DISCOVERY AND DISCLOSURES,** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or e-mail, addressed as follows:

Noel Henry Johnson
Kaylan L. Phillips
Public Interest Legal Foundation
32 East Washington St.
Suite 1675
Indianapolis, IN 46204
njohnson@publicinterestlegal.org
kphillips@publicinterestlegal.org
*Attorneys for Plaintiff*

        *s/* Xan Serocki
        *Xan Serocki*