UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.,** *Plaintiff*, v. **JENA GRISWOLD,** in her official capacity as Secretary of State for the State of Colorado, *Defendant*. | Civil Case No. 1:21-cv-03384-PAB-MEH |

**PLAINTIFF'S REPLY MEMORANDUM**
**IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY**

This Court should grant the Foundation leave to file its surreply because the attached email (Doc. 29-2) is a public, government record of which judicial notice can be taken. *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record.").[1] "Public records and government documents are generally considered not to be subject to reasonable dispute. This includes public records and government documents available from reliable sources on the Internet." *Wood v. Wells Fargo Bank, N.A.*, Civil Action No. 13-cv-01731-CMA-KMT, 2013 U.S. Dist. LEXIS 152196, at *12-13 (D. Colo. Oct. 2, 2013); *see also States ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-0920-B, 2022 U.S. Dist. LEXIS 59550, at *47 (N.D. Tex. Mar. 31, 2022) (explaining, "[T]he Court may take judicial notice that the Tennessee official sent this email and it said what it said but not make any inferences or conclusions of law flowing from these noticed facts."). Even if the Court declines to consider the

---

[1] "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

1

email's statements for their truth at this stage, *see Schendzielos v. Silverman*, 139 F. Supp. 3d 1239, 1251 (D. Colo. 2015), the existence of these statements—when viewed most favorably to the Foundation—supports the Foundation's claim that it is being unlawfully denied access to the ERIC Deceased Reports.

    The information presented in the surreply was not previously available to the Foundation but is responsive to Defendant's position that the ERIC Deceased Reports are shielded by other federal laws. (Doc. 23 at 11-14; Doc. 28 at 3-11; Doc. 23 at 9-11; Doc. 28 at 3-11).

    For these reasons, good cause to grant the Motion exists.

Dated: August 26, 2022.

For the Plaintiff Public Interest Legal Foundation:

    /s/ Noel H. Johnson
Noel H. Johnson*
Kaylan L. Phillips*
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
njohnson@PublicInterestLegal.org
kphillips@PublicInterestLegal.org
* *Admitted to the bar of the U.S. District Court for the District of Colorado*

*Attorneys for Plaintiff Public Interest Legal Foundation*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2022, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

 /s/ Noel H. Johnson
Noel H. Johnson
Counsel for Plaintiff
njohnson@PublicInterestLegal.org

3