## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.,** *Plaintiff*, v. **JENA GRISWOLD,** in her official capacity as Secretary of State for the State of Colorado, *Defendant*. | Civil Case No. 1:21-cv-03384-PAB-MEH |

### PLAINTIFF'S RESPONSE TO PARTIALLY UNOPPOSED MOTION
### TO CONTINUE STAY OF DISCOVERY AND DISCLOSURES

The discovery stay entered on February 14, 2022 (Doc. 16) should be lifted for at least three reasons.

**First**, proceeding to discovery greatly increases the likelihood that this dispute will be resolved before more elections occur without the transparency Congress intended.[1] 52 U.S.C. § 20507(i)(1). The Foundation's—and the public's—interest in election transparency exists now and will persist beyond this year's elections. For example, the cities of Denver and Colorado Springs will hold municipal elections in April 2023.[2] Whether the Rule 12(b)(6) motion is granted or denied, these elections will likely occur without complete transparency if discovery is stayed indefinitely. In short, the sooner discovery begins, the sooner the parties can proceed to

---

[1] The Foundation's consent to a stay until September 15, 2022, is not a concession that no prejudice will result from an *indefinite* stay, as Defendant suggests. (Doc. 31 at 4 ("*Plaintiff's Interest.*").) Instead, it is a sign of the Plaintiff's good faith efforts to compromise with the Defendant. To be sure, the Foundation initially sought to have the present stay end on August 15, 2022 (*see* Doc. 16) so that resolution had a chance to occur prior to this year's elections, and certainly before any 2023 elections. Even if resolution by November is unlikely now, the Foundation denies that its initial consent to a limited stay or its more recent compromise on an extension to that stay is evidence that no prejudice has occurred or will continue to occur.

[2] *See* https://www.denvergov.org/Government/Agencies-Departments-Offices/Agencies-Departments-Offices-Directory/Office-of-the-Clerk-and-Recorder/Elections-Division/voter-information (last accessed Aug. 29, 2022); https://coloradosprings.gov/city-elections (last accessed Aug. 29, 2022).

1

summary judgment or settlement. In fact, the parties could conceivably reach a settlement agreement before the Court resolves Defendant's motion to dismiss.

**Second**, any *undue* burden or expense Defendant may face is entirely speculative. "It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss." *Chavez v. Young Am. Ins. Co.*, Civil Action No. 06-cv-02419-PSF-BNB, 2007 U.S. Dist. LEXIS 15054, at *6 (D. Colo. Mar. 2, 2007). To warrant an indefinite stay, Defendant must demonstrate more than the ordinary burdens that accompany civil litigation. Indeed, "[d]efendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure." *Id*. "There is no special burden on the defendant in this case." *Id*.

Ultimately, Defendant's argument rests on the *possibility* that discovery may "ultimately be unnecessary."[3] (Doc. 31 at 4 ("*Burden on Defendant*.").) Yet that possibility exists in every case. *Estate of Ronquillo v. City & Cty. of Denver*, Civil Action No. 16-cv-01664-CMA-NYW, 2016 U.S. Dist. LEXIS 199734, at *12 (D. Colo. Nov. 14, 2016) ("While this court understands that discovery may burden the Individual Defendants involved in this action and distract from their core professional responsibilities, such is always the case for witnesses in civil litigation."). If that alone were enough to warrant an indefinite stay, the exception would swallow this Court's policy to not stay discovery pending a ruling on a motion to dismiss. *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *6. "Defendants have established no particularized facts that demonstrate they

---

[3] In 2007, this district recognized that "motions to dismiss are denied more often than they result in the termination of a case." *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *5 (D. Colo. Mar. 2, 2007) At least at that time, "[i]t [was] more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary." *Id*.

2

will suffer a clearly defined and serious harm associated with moving forward with discovery." *Estate of Ronquillo*, 2016 U.S. Dist. LEXIS 199734, at *12.

**Third**, the public has a clear and undeniable interest in open government and secure and just elections. The public's interest will suffer if more elections occur without transparency in the maintenance of the voter rolls.

On balance, the relevant factors support moving this case toward discovery and ultimately a speedy resolution.

Dated: August 30, 2022.

For the Plaintiff Public Interest Legal Foundation:

    /s/ Noel H. Johnson
Noel H. Johnson*
Kaylan L. Phillips*
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
njohnson@PublicInterestLegal.org
kphillips@PublicInterestLegal.org
* *Admitted to the bar of the U.S. District Court for the District of Colorado*

*Attorneys for Plaintiff Public Interest Legal Foundation*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2022, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

 /s/ Noel H. Johnson
Noel H. Johnson
Counsel for Plaintiff
njohnson@PublicInterestLegal.org

4