IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as
Secretary of State for the Colorado,

    Defendant.

## REPLY IN SUPPORT OF PARTIALLY UNOPPOSED MOTION TO CONTINUE STAY OF DISCOVERY AND DISCLOSURES

Defendant Jena Griswold, in her official capacity as Colorado Secretary of State, submits this Reply in support of her partially unopposed motion that the Court continue the current stay of discovery and initial disclosures [Doc. 31] pending resolution of the Secretary's fully briefed motion to dismiss.

## ARGUMENT

Plaintiff does not analyze the five *String Cheese* factors governing stays of discovery in this district. *See* Doc. 35; *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. March 30, 2006). Instead, Plaintiff offers three brief arguments against continuing the current stay of discovery and disclosures. None merits lifting the stay.

### A. Plaintiff identifies no specific prejudice it will suffer if the stay is continued.

*First*, Plaintiff asserts that its interest in "election transparency" exists now and will exist "beyond this year's elections." Doc. 35 at 1. According to Plaintiff, certain Colorado cities will hold municipal elections in 2023, which may occur "without complete transparency" if the stay of discovery continues. *Id.* But Plaintiff's generalized interest in election transparency does not amount to prejudice under the *String Cheese* analysis. Plaintiff must identify *specific* prejudice resulting from a stay of discovery in this case, such as evidence loss or spoliation, for the first *String Cheese* factor to weigh in its favor. *See, e.g., McGettigan v. Di Mare*, No. 15-cv-00097-PAB-KLM, 2015 WL 3636582, at *3 (D. Colo. June 11, 2015) (granting stay and rejecting plaintiff's argument where plaintiff did "not offer any information to support the conclusion that witness testimony or other evidence in *this case* may be impacted by a stay."); *Burke v. Alta Colls., Inc.*, No. 11-cv-02990-WYD-KLM, 2012 WL 502271, at *2 (D. Colo. Feb. 15, 2012) (granting stay and rejecting plaintiff's "generalized arguments" and "conclusory assertions" regarding prejudice). Plaintiff makes no such showing here.[1]

The lack of prejudice to Plaintiff is further confirmed by its prior consent last February to a six-month stay of discovery. *See* Doc. 14, certificate of conferral. While Plaintiff now asserts it has an interest in election transparency for certain upcoming municipal elections, that alleged

---

[1] Nor is loss of evidence likely to occur. The Secretary of State has implemented a litigation hold in this case to preserve evidence. *See* Ex. A (declaration attesting to litigation hold); *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 WL 1801981, at *2 (D. Colo. May 17, 2012) (finding first *String Cheese* factor weighed in favor of a stay where defendants implemented a litigation hold).

interest no doubt existed last February. Like several other states, Colorado held its statewide primary election earlier this summer. *See* § 1-4-101(1), C.R.S. (2021) (prescribing date for primary election as "the last Tuesday in June of even-numbered years"). Plaintiff was no doubt aware of Colorado's June primary election but nonetheless consented to a six-month stay of discovery that covered the entire summer. Plaintiff's change of heart now may reflect a shift in its litigation strategy but it does not amount to prejudice under the first *String Cheese* factor.

### B. The burdens of discovery imposed on the Secretary and non-parties are real, not speculative.

*Second*, Plaintiff contends that the burden and expense of discovery discussed by the Secretary is speculative and that this district's general policy is not to stay discovery pending a ruling on a motion to dismiss. Doc. 35 at 2 (citing *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973 (D. Colo. March 2, 2007)). Plaintiff's argument is misplaced for multiple reasons. For one, Plaintiff overstates this district's general policy; the Court regularly grants stays of discovery based on the *String Cheese* factors where, as here, a dispositive motion may fully resolve the case. *See, e.g.*, *Thornton v. Davita Healthcare Partners, Inc.*, No. 13-cv-00573-RBJ-KMT, 2013 WL 5567560, at *2 (D. Colo. Oct. 8, 2013) (granting stay and stating "despite this District's general policy disfavoring a complete stay of proceedings, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action.").

For another, the burdens of discovery raised by the Secretary are real, not speculative. The Secretary accurately summarized the discovery that will need to take place based on Plaintiff's complaint allegations if discovery moves forward. This includes third-party discovery

from several non-parties, including multiple individuals, a multi-state member organization (ERIC), and experts. *See* Doc. 31 at 4-6. Plaintiff's recent request to file a sur-reply has deepened further the discovery that may be necessary, possibly requiring discovery from yet another third party—the Center for Election Innovation and Research. *See* Doc. 29-1. The burden and expense of such discovery will be wasted if the Court ultimately grants the Secretary's motion to dismiss. *See Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2015 WL 6437948, at *2 (D. Colo. Oct. 23, 2015) (granting stay where discovery efforts would be "wasteful if the Senior Judge grants the Motion to Dismiss"); *Thornton*, 2013 WL 5567560, at *2 (granting stay where the "requested discovery may ultimately be useless and a waste of the parties' time and resources").

Last, the authority relied on by Plaintiff, *Chavez*, does not preclude a stay of discovery here. In *Chavez*, the magistrate judge was concerned about meeting certain deadlines imposed by the Article III judge if discovery were stayed for 7.5 months—the average length of time from filing a dispositive motion to its determination. *Chavez*, 2007 WL 683973, at *2. But here, the assigned Article III judge has not set any deadlines and discovery has *already* been stayed for six months. If *Chavez*'s estimate remains even approximately accurate, the remaining length of a stay needed to resolve the Secretary's pending motion to dismiss will be negligible.

Accordingly, the Court should grant the Secretary's request to continue the stay of discovery and disclosures pending the outcome of the Secretary's motion to dismiss.

    **C.**    **The public interest favors continuing the current stay of discovery.**

*Third*, Plaintiffs claim, without citing authority, that the public interest will suffer if more elections are held before discovery takes place. Doc. 35 at 3. Even assuming this is a valid public

interest, Plaintiff ignores that the Secretary of State has already provided the data requested by Plaintiff, sourced from nonconfidential sources. *See* Doc. 23 at 5, 13-14; Doc. 28 at 10. Plaintiff is therefore already able to conduct its investigation without violating the strict federal confidentiality laws raised in the Secretary's motion to dismiss. By contrast, moving ahead with discovery before the Secretary's motion to dismiss is decided will violate the equally strong public interest in "[a]voiding wasteful efforts" by the Court and the parties. *Hedin v. Amedisys Holding, L.L.C.*, No. 13-cv-02150-REB-KLM, 2013 WL 6075796, at *2 (D. Colo. Nov. 19, 2013).

## CONCLUSION

Each *String Cheese* factor weighs in favor of continuing the current stay of discovery and disclosures pending a decision on the Secretary of State's fully briefed motion to dismiss. The Secretary therefore respectfully requests that this Court enter an order continuing the current stay of discovery and disclosures pending resolution of the Secretary's motion.

Dated: September 1, 2022.

                PHILIP J. WEISER
                Attorney General

                /s/ Grant T. Sullivan
                GRANT T. SULLIVAN\*
                Assistant Solicitor General
                STEFANIE MANN\*
                Senior Assistant Attorney General
                1300 Broadway, 6th Floor
                Denver, Colorado 80203
                Telephone:  720-508-6349 (Sullivan)
                E-Mail:  grant.sullivan@coag.gov
                              stefanie.mann@coag.gov
                \*Counsel of Record
                *Counsel for Defendant*