IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as
Secretary of State for the State of Colorado,

    Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Partially Opposed Motion to Continue Stay of Discovery and Disclosures (ECF 31), which is fully ripe for review. The Court finds that oral argument would not materially assist in its adjudication. For the reasons that follow, the Motion is granted.

**I.    Background**

    Plaintiff is a public interest organization from Indiana that suspects Defendant has "deceased or potentially deceased" persons still registered as active voters. Defendant produced some voter information pre-lawsuit. Pursuant to the Public Disclosure Provision of the National Voter Registration Act, 52 U.S.C. § 20507(i)(1) ("NVRA"), Plaintiff seeks to compel Defendant to produce all of the voter information that it believes is relevant to whether its voter rolls for the years 2019, 2020, and 2021 included deceased voters.

    Defendant moved to dismiss Plaintiff's claims because of several legal defects. ECF 23. First, Defendant contends that Plaintiff is seeking information that the NVRA does not require her to produce. Second, Defendant argues that the requested production would violate two other

federal statutes that were enacted after the NVRA. Third, Defendant says the production would be contrary to the privacy concerns that the relevant federal statutes imply. Plaintiff seeks leave of Court to file a Sur-Reply to support its opposition to dismissal. Consequently, the Motion to Dismiss is not yet fully ripe for disposition.

Discovery already is stayed. At ECF 16, the Court granted Defendant's prior unopposed motion to stay the case for six months, and at the expiration of that term, the Court instructed the parties to confer about either continuing or lifting the stay. Defendant now requests the stay's continuance. Because Plaintiff opposes it, the Court determines whether this case meets the requirement for a stay on the merits.

## II.    Legal Standard

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).

The following five factors guide the Court's determination in evaluating a request to stay discovery:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d

2

1194, 1205 (D. Colo. 2013) (weighing the factors and finding a stay appropriate in that case). This Court considers those factors in turn below.

### III. Discussion

Plaintiff objects to an indefinite stay, agreeing to extend it no longer than September 15, 2022, so that it can resolve the dispute at least before the municipal elections in Denver and Colorado Springs in April 2023 elections. Plaintiff expresses concern that the upcoming elections "will likely occur without complete transparency." Of course, resolving the dispute before any election is preferrable. Beyond that general concern, however, Plaintiff identifies no specific reason for completing its 2019-2021 audit before April 2023. The first factor regarding Plaintiff's interest in proceeding expeditiously is not so great under the present circumstances that it weighs against a stay.

Plaintiff's preference for commencing with discovery now is offset by the burden on Defendant from proceeding with the litigation. At issue is the information that Defendant has declined to produce because she believes the governing federal statutory scheme does not permit her to do so. Producing discovery now would render her Motion to Dismiss effectively moot. Even if she is asserting no qualified immunity defense or jurisdictional defect, there still is a fundamental issue that should be resolved before discovery. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001). Further, the case remains at the early stage of development, and Defendant seeks relief before the entry of a Scheduling Order and the start of substantive litigation activity.

In addition, the Court agrees that the interest of judicial economy would be advanced by temporarily staying discovery and other litigation activities until the dismissal motion is fully resolved. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("the court has considerable discretion over the timing of discovery"). Determining

3

the scope of what the federal statutory scheme permits will define the scope of what Defendant must produce.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of denying the Motion. While the public shares in Plaintiff's general interest in the expeditious resolution of lawsuits, the public also has an interest in conserving resources and maintaining efficient government functioning. *Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *3 (D. Colo. Dec. 12, 2019). Counterbalancing the public's interest in accurate voting rolls is the voters' interest in limiting the disclosure of their information only to the extent that Congress permits.

The Court finds good cause for continuing the stay until final resolution of the Motion to Dismiss.

**IV.    Conclusion**

Case law permits Defendant to delay the burdens of discovery until the Court considers what aspects of Plaintiff's claim may proceed, and it is uncertain how much time will be needed to obtain a final ruling on that matter. Therefore, the Court agrees with Defendant that this case should be stayed until then. Accordingly, Defendant's Motion to Continue Stay [filed August 18, 2022; ECF 31] is **granted**. The parties shall file a motion to lift the stay, commence discovery, and set a Scheduling Conference within five business days of the final order on the Motion to Dismiss.

Dated at Denver, Colorado, this 7th day of September, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge