IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,
Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State for the State Colorado,
Defendant.

**RESPONSE TO PLAINTIFF'S FIRST NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant, Colorado Secretary of State Jena Griswold, responds to Plaintiff's First Notice of Supplemental Authority [Doc. 41, filed April 7, 2023], as follows.

Plaintiff's citation to *Pub. Interest Legal Found. v. Bellows*, No. 20-cv-00061, 2023 WL 2663827 (D. Me. March 28, 2023) (Doc. 41-1) is unhelpful to Plaintiff's case. In *Bellows*, the district court held that the public disclosure provision in the National Voter Registration Act ("NVRA") preempted an inconsistent Maine law that rendered confidential all information in the state's central voter registry system. The court explained that black-letter preemption law allows Congress to preempt conflicting or inconsistent state laws. *Id.* at *5.

But here, preemption is not at issue. Plaintiff has not argued that the NVRA preempts any inconsistent Colorado law, and the Secretary has not defended on the ground that Colorado law requires her to deny Plaintiff's request for information. To the contrary, the Secretary has argued that *federal* law requires her to deny portions of Plaintiff's request. *See* Doc. 23 at 9-15 (arguing the Bipartisan Budget Act of 2013, Driver's Privacy Protection Act of 1994, Freedom of Information Act, and Privacy Act of 1974, all federal enactments, required the Secretary to partially deny Plaintiff's request). Moreover, as discussed in the Secretary's briefing, the

Secretary granted those portions of Plaintiff's request for information that were not forbidden by federal law. *See* Doc. 23 at 5, 13-14. Unlike the election official in *Bellows*, the Secretary here did not rely on an inconsistent state law to deny Plaintiff's request.

Accordingly, the preemption principles discussed in *Bellows* do not defeat the Secretary's pending motion to dismiss under Rule 12(b)(6).

Respectfully submitted this 28th day of April, 2023.

    PHILIP J. WEISER
    Attorney General

    s/ Grant T. Sullivan
    GRANT T. SULLIVAN*
    Assistant Solicitor General
    Public Officials Unit / State Services Section
    Ralph L. Carr Colorado Judicial Center
    1300 Broadway, 6th Floor
    Denver, Colorado  80203
    Telephone:  720 508-6349 (Sullivan)
    E-Mail:  grant.sullivan@coag.gov
    *Counsel of Record
    Attorneys for Defendant Griswold

# CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2023, I e-filed the foregoing **RESPONSE TO PLAINTIFF'S FIRST NOTICE OF SUPPLEMENTAL AUTHORITY,** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or e-mail, addressed as follows:

Noel Henry Johnson
Kaylan L. Phillips
Public Interest Legal Foundation
32 East Washington St.
Suite 1675
Indianapolis, IN 46204
njohnson@publicinterestlegal.org
kphillips@publicinterestlegal.org
*Attorneys for Plaintiff*

                                            *s/* Xan Serocki
                                            *Xan Serocki*