IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,
Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State for the State Colorado,
Defendant.

**RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant, Colorado Secretary of State Jena Griswold, responds to Plaintiff's Second Notice of Supplemental Authority [Doc. 45, filed May 24, 2023], as follows.

Plaintiff's notice cites a recent order from the federal district court for the District of Alaska as supplemental authority. *Pub. Interest Legal Found. v. Dahlstrom*, No. 22-cv-00001 (D. Alaska May 17, 2023) (Doc. 45-1). *Dahlstrom* is of course not binding on this Court. And although Plaintiff's notice quotes language from the *Dahlstrom* decision, it omits the most critical part of the court's analysis—namely, the court determined that the Bipartisan Budget Act of 2013's restrictions on the Limited Access Death Master File ("LADMF") prevent Alaska from disclosing data in ERIC reports to the extent the LADMF is used to create such data. *See* Doc. 45-1 at 22-23 ("The Court finds that, to the extent ERIC used the Limited Access Death Master File to create the data that is at issue in this case, the Bipartisan Budget Act of 2013 prevents disclosure of that data for a three-year period beginning after the death of an individual."). This holding mirrors the Secretary's core argument in her motion-to-dismiss briefing here. *See* Doc. 23 at 9-11, 13, 15-17; Doc. 28 at 3-10.

True, the *Dahlstrom* court nonetheless denied Alaska's motion to dismiss and moved the

case into discovery, believing that a redaction protocol could be developed that honors both the Bipartisan Budget Act's restrictions and the National Voter Registration Act's public disclosure provision. *See* Doc. 45-1 at 23. But here, unlike *Dahlstrom*, we already know that such a redaction protocol cannot both provide Plaintiff satisfactory relief and comply with the Bipartisan Budget Act's restrictions. We know that because (1) Plaintiff has already indicated it will not consent to the redaction of deceased voters names originating from the LADMF, even though voter names is a protected data element, *see* Doc. 23 at 16; (2) even if names are redacted, disclosing voter identification numbers contained in ERIC reports will still allow Plaintiff to do an end-run around the confidentiality provisions protecting the LADMF—a point Plaintiff does not dispute, *see* Doc. 23 at 16-17; Doc. 28 at 10; and (3) the Secretary already provided Plaintiff a list of cancelled deceased voters that was not sourced from the LADMF; this list is tantamount to a redacted list because it complies with Plaintiff's request in all respects except it omits protected information, and yet Plaintiff remained unsatisfied and proceeded to sue the Secretary any way. *See* Doc. 28 at 10; Doc. 23 at 17 & n.6.

Under these circumstances, discovery as contemplated in *Dahlstrom* is unnecessary because redactions that comply with the Bipartisan Budget Act's restrictions will not redress Plaintiff's claimed injury. Accordingly, the *Dahlstrom* court's analysis does not defeat, but rather supports, the Secretary's pending motion to dismiss under Rule 12(b)(6).

Respectfully submitted this 30th day of May, 2023.

PHILIP J. WEISER
Attorney General

s/ Grant T. Sullivan
GRANT T. SULLIVAN*
Assistant Solicitor General
Public Officials Unit / State Services Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado  80203
Telephone:  720 508-6349
E-Mail:  grant.sullivan@coag.gov
*Counsel of Record
Attorneys for Defendant Griswold

Case No. 1:21-cv-03384-PAB-MEH   Document 46   filed 05/30/23   USDC Colorado   pg 4 of 4

# CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, I e-filed the foregoing **RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY,** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or e-mail, addressed as follows:

Noel Henry Johnson
Kaylan L. Phillips
Public Interest Legal Foundation
32 East Washington St.
Suite 1675
Indianapolis, IN 46204
njohnson@publicinterestlegal.org
kphillips@publicinterestlegal.org
*Attorneys for Plaintiff*

        *s/* Carmen Van Pelt
        *Carmen Van Pelt*