IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

    Plaintiff,

v.

JENNA GRISWOLD, in her official capacity as Secretary of State for the Colorado,

    Defendant.

---

### JOINT MOTION TO SET DEADLINE FOR SUBMITTING MOTION TO LIFT THE STAY OF DISCOVERY OR STATUS REPORT

The parties jointly request that the Court enter an order setting an October 20, 2023, deadline for the parties to either move to lift the stay of discovery in this case or to otherwise file a status report stating that discovery is unnecessary, as follows.

### PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on December 16, 2021, alleging that the Defendant violated the Public Disclosure Provision of the National Voter Registration Act of 1993 ("NVRA") by not disclosing certain records requested by Plaintiff. *See* 52 U.S.C. § 20507(i)(1). Defendant filed a motion to dismiss on April 11, 2022, arguing that other federal laws—including the Bipartisan Budget Act of 2013, the Driver's Privacy Protection Act of 1994, and certain privacy laws—required Defendant to maintain the confidentiality of the requested records. Doc. 23. To avoid discovery and other case management activities that may have ultimately proved unnecessary, the parties jointly requested that the Court enter a stay of discovery for at least six months so that the Court could first rule on the motion to dismiss. Doc. 14. Magistrate Judge Hegarty granted

the parties' joint request and entered a six-month stay of discovery and associated case deadlines. Doc. 16.

Six months later, having received no ruling on the motion to dismiss, Defendant sought to continue the stay of discovery until the motion to dismiss was resolved. Doc. 31. On September 7, 2022, Judge Hegarty granted Defendant's request and continued the stay of discovery pending a final ruling on the motion to dismiss. Doc. 38. Judge Hegarty's order instructed the parties to file a motion to "lift the stay, commence discovery, and set a Scheduling Conference within five business days of the final order on the Motion to Dismiss." *Id.* at 4.

The Court issued its ruling on Defendant's motion to dismiss on September 29, 2023. Doc. 47. The Court denied Defendant's motion, explaining that the Court can harmonize the competing statutory regimes by "order[ing] redaction of uniquely sensitive information in otherwise disclosable documents." *Id.* at 15 (quotations omitted).

## MOTION

Since receiving the order on the motion to dismiss, the parties have been conferring cooperatively regarding next steps in this case. Following discussions with their respective clients, the parties' undersigned counsel have a telephone conference scheduled for October 12 to continue to their conferral and to explore potential paths to efficiently resolve this case, including potential settlement, without protracted discovery or case management activities.

To allow the parties time to complete their conferral process, the parties jointly request that the Court enter an order setting a deadline of October 20, 2023 for the parties to either move to lift the stay of discovery and to set a scheduling conference in this case, or to otherwise file a

status report stating that discovery is unnecessary and explaining how the parties intend to proceed. This brief extension will afford the parties the opportunity to complete their conferral process, which has been productive as the parties are working together cooperatively to move the case forward to resolution. The parties' conferral may ultimately result in the parties agreeing that no discovery or other protracted case management activities are necessary.

The parties acknowledge that, through oversight on both sides' part, they inadvertently failed to file the motion requested by Judge Hegarty within five business days of the Court's ruling on the motion to dismiss, which deadline fell on October 6. Doc. 38 at 4. This oversight was not deliberate. The parties just recently rediscovered Judge Hegarty's setting of this non-static deadline over a year ago when reviewing their respective case files as part of their conferral process. The parties regret their oversight and apologize for any inconvenience caused to the Court.

Pursuant to D.C.COLO.LCivR 6.1(b), this is the first extension of time that the parties have sought for the deadline set by Judge Hegarty for moving to lift the stay and set a scheduling conference.

Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certify that a copy of this motion will be served on representatives for Plaintiff and Defendant.

Accordingly, the parties jointly request that the Court enter an order setting an October 20, 2023, deadline for the parties to either move to lift the stay of discovery and set a scheduling conference, or to otherwise file a status report stating that discovery is unnecessary and explaining how the parties intend to proceed.

Dated: October 10, 2023

PUBLIC INTEREST LEGAL FOUNDATION

*s/ Kaylan L. Phillips*
KAYLAN L. PHILLIPS
NOEL H. JOHNSON
107 S. West Street, Suite 700
Alexandria, VA 22314
Telephone: (703) 745-5870
Email: kphillips@PublicInterestlegal.org
njohnson@PublicInterestlegal.org
*Attorneys for Plaintiff*

PHILIP J. WEISER
Attorney General

*s/ Grant T. Sullivan*
GRANT T. SULLIVAN
Assistant Solicitor General
Attorney for The State of Colorado
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone:  720-508-6349
E-Mail:  grant.sullivan@coag.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

   I hereby certify that on October 10, 2023, I e-filed the foregoing **JOINT MOTION TO SET DEADLINE FOR SUBMITTING MOTION TO LIFT THE STAY OF DISCOVERY OR STATUS REPORT** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or e-mail, addressed as follows:

Noel Henry Johnson
Kaylan L. Phillips
Public Interest Legal Foundation
njohnson@publicinterestlegal.org
kphillips@publicinterestlegal.org
*Attorneys for Plaintiff*

                *s/* Carmen Van Pelt
                *Carmen Van Pelt*