IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,
Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State for the State Colorado,
Defendant.

## ANSWER

Defendant Jena Griswold, in her official capacity as Secretary of State for the State of Colorado, answers the allegations in the Complaint [Doc. 1] as follows:

### JURISDICTION AND VENUE

1. Admit that, if Plaintiff has standing and the case is not moot, the cited provisions of law confer subject matter jurisdiction.

2. Deny.

3. Admit.

### PARTIES

4. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 4 and so denies them.

5. Admit.

### BACKGROUND

6. Admit that paragraph 6 accurately quotes part of the National Voter Registration Act (NVRA).

7. Admit that paragraph 7 accurately quotes part of *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 334-35 (4th Cir. 2012).

8. Admit that paragraph 8 accurately quotes part of *Bellitto v. Snipes*, No. 16-cv-61474 (S.D. Fla. Mar. 30, 2018).

9. Admit.

10. Admit.

11. Deny.

12. Admit.

13. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 13 and so denies them.

14. Admit that Colorado's membership agreement requires it to provide certain records to ERIC every 60 days. Deny that paragraph 14 accurately describes the records to be provided.

15. Admit.

16. Admit ERIC processes data. Deny that all member states receive ERIC reports on a monthly basis.

17. Admit that ERIC makes reports available to member states if requested. Deny that Colorado requests each of the identified report types.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Deny that Colorado's 2012 membership agreement with ERIC contains this provision.

23. Defendant is unable to locate the quoted language on the webpage cited by Plaintiff, and therefore denies that paragraph 23 accurately quotes the webpage.

24. Deny.

25. Admit that ERIC has been criticized but deny the remaining allegations in paragraph 25 for lack of sufficient knowledge.

26. Admit that paragraph 26 accurately quotes the cited report but deny its factual accuracy for lack of sufficient knowledge.

27. Admit that paragraph 27 accurately quotes the cited webpage but deny its factual accuracy for lack of sufficient knowledge.

28. Admit that paragraph 28 accurately quotes the cited webpage but deny its factual accuracy for lack of sufficient knowledge.

29. Admit that paragraph 29 accurately quotes the cited webpage but deny its factual accuracy for lack of sufficient knowledge.

30. Admit that paragraph 30 accurately quotes the cited webpage but deny its factual accuracy for lack of sufficient knowledge.

31. Admit that paragraph 31 accurately quotes the cited webpage but deny its factual accuracy for lack of sufficient knowledge.

32. Admit that paragraph 32 accurately quotes the cited webpage but deny its factual accuracy for lack of sufficient knowledge.

33. Admit.

34. Admit.

35. Admit.

36. Admit the Colorado Secretary of State's Office sent the referenced letter but deny it constituted a denial of Plaintiff's request.

37. Admit.

38. Admit.

39. Admit.

40. Deny.

41. Admit.

42. Admit Plaintiff sent Defendant the referenced letter but deny its factual accuracy.

43. Admit.

44. Admit Plaintiff's letter contained the alleged statement but deny its factual accuracy.

45. Admit Plaintiff's letter contained the alleged statement but deny its factual accuracy.

46. Deny.

47. Admit.

48. Admit the Colorado Secretary of State's Office sent the referenced letter but deny it confirmed denial of Plaintiff's request.

49. Admit.

50. Admit.

51. Admit.

52. Admit.

53. Deny.

54. Deny.

55. Admit Plaintiff sent Defendant the referenced letter but deny its factual accuracy.

56. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 56 and so denies them.

57. Admit that Defendant received correspondence from Plaintiff dated August 20, 2021 but deny the remaining allegations in paragraph 57.

58. Admit that Defendant received correspondence from Plaintiff dated August 20, 2021 but deny the remaining allegations in paragraph 58.

59. Admit that the NVRA contains a 90-day cure provision but deny the remaining allegations in paragraph 59.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 66 and so denies them.

## COUNT I
### Alleged Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)

67. Defendant reasserts her responses in the preceding paragraphs as if fully stated herein.

68. Deny as to some of the requested records but admit as to others.

69. Deny.

70. Deny.

71. Admit that federal law preempts conflicting state law but deny that Colorado law conflicts with, overrides, or burdens the NVRA.

72. Deny.

## GENERAL DENIAL

Defendant denies any allegations not specifically admitted above. Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

(1) Plaintiff's claims and requested relief are not redressable.

(2) Plaintiff's claims are moot.

(3) This case is not ripe for determination.

(4) The Complaint fails to state a claim for which relief can be granted.

(5) Plaintiffs cannot satisfy the factors for a permanent injunction.

(6) Defendant reserves the right to raise additional affirmative defenses.

| | |
|---|---|
| Dated: October 13, 2023 | PHILIP J. WEISER<br>Attorney General<br><br>/s Grant T. Sullivan<br>*Grant T. Sullivan*, Assistant Solicitor General<br>1300 Broadway<br>Denver, CO 80203<br>Telephone: (720) 508-6349<br>Email: grant.sullivan@coag.gov<br>*Attorneys for Defendant Jena Griswold* |

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 13, 2023, I e-filed the foregoing **ANSWER** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or e-mail, addressed as follows:

Noel Henry Johnson
Kaylan L. Phillips
Public Interest Legal Foundation
njohnson@publicinterestlegal.org
kphillips@publicinterestlegal.org
*Attorneys for Plaintiff*

                                      *s/* Carmen Van Pelt
                                      *Carmen Van Pelt*