# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,
Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State for the State Colorado,
Defendant.

## STIPULATED ORDER

1. This Stipulated Order ("Order") is entered into by and between Plaintiff Public Interest Legal Foundation, Inc. ("Plaintiff") and Colorado Secretary of State Jena Griswold in her official capacity ("Defendant") (collectively, "Parties").

## BACKGROUND

2. In June 2021, Plaintiff requested the following records from Defendant pursuant to Section 8(i)(1) of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1)[1] (the "Request"):

   1. All "ERIC Data" received from ERIC[2] during the years 2019, 2020, and 2021 concerning registered voters identified as deceased or potentially deceased ("ERIC Reports").

   2. All reports and/or statewide-voter-registration-system-generated lists showing all registrants removed from the list of eligible voters for reason of death for the years 2019, 2020, and 2021 ("Deceased Cancellation Reports").

---

[1] NVRA Section 8(i)(1) provides, "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered."

[2] "ERIC" is the Electronic Registration Information Center.

(together, the "Requested Records");

3. Defendant declined Plaintiff's request to produce the ERIC Reports, stating her understanding that ERIC Reports are not required to be produced for public inspection under the NVRA, § 20507(i)(1), and, in any event, such reports are protected from disclosure by other provisions of federal law.

4. Defendant granted Plaintiff's request for the Deceased Cancellation Reports but did not provide full dates of birth.[3]

5. On December 16, 2021, Plaintiff filed this action against Defendant (the "Litigation").

6. Defendant denies liability for the cause of action Plaintiff asserts in the Litigation.

7. The Parties have negotiated in good faith and now jointly enter into this Order to resolve Plaintiff's claims without prolonged and costly litigation.

## JURISDICTION

8. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 and 52 U.S.C. § 20510.

## APPLICABILITY

9. The terms of this Order shall apply to the Parties and their respective successors and assigns.

---

[3] *See* Colo. Rev. Stat. § 24-72-204(8)(a) (providing that month of birth and date of birth in election records shall not be disclosed by designated election official).

## TERMS AND CONDITIONS

*General Terms and Conditions*

10. The Parties to this Order are the Plaintiff and Defendant. Except as to the release provision in Paragraph 24 below, nothing in this Order shall be construed to make any other person or entity not executing this Order a third-party beneficiary to this Order.

11. Each undersigned representative of the Parties to this Order certifies that he or she is fully authorized by the party to enter into and execute the terms and conditions of this Order and to legally bind such party to this Order.

12. This Order is the entire agreement between the Parties.

13. Nothing in this Order shall be construed as an admission that Defendant is currently, or may have been previously, in violation of Section 8 of the NVRA or any other federal or state laws related to voter registration or list maintenance.

14. This Order may be executed in any number of counterpart originals, each of which shall be deemed to constitute an original agreement, and all of which shall constitute one agreement. The execution of one counterpart by any party shall have the same force and effect as if that party had signed all other counterparts.

15. This Order is governed by, and interpreted according to, the laws of the State of Colorado without regard to conflict of laws principles.

16. The Parties represent that prior to signing this Order, each has read it, understood its terms and conditions, consulted with counsel, and voluntarily signed it.

17. "ERIC Report Key" means the document attached hereto as Exhibit A.

*Terms Governing Production of Records*

    18.    **ERIC Reports**

        A.  <u>2019 and 2020 ERIC Reports</u>

            i.  Defendant shall provide to Plaintiff the 2019 and 2020 ERIC Reports, which shall include all data described in columns 1 through 48 and 50 through 58 of the ERIC Report Key.

            ii.  Defendant shall redact only column 49 of the ERIC Report Key.

        B.  <u>2021 ERIC Reports</u>

            i.  Defendant shall provide to Plaintiff the 2021 ERIC Reports, which shall include all data described in columns 1 through 48 of the ERIC Report Key.

            ii.  Defendant shall redact only columns 49 through 58 of the ERIC Report Key.

    19.    Plaintiff shall forgo and dismiss its claim for date of birth information with respect to the Requested Records.

    20.    Nothing in this Order shall be construed as an admission by Plaintiff that redacted or withheld information is exempt from disclosure under the NVRA.

*Terms Governing Time for Production and Future Requests*

    21.    Defendant shall provide the ERIC Reports described above to Plaintiff within forty-five (45) days of the date this Order is issued by the Court.

    22.    In the event Plaintiff requests ERIC Reports or Deceased Cancellation Reports from Defendant in the future pursuant to NVRA Section 8(i), Defendant shall provide the records to Plaintiff in accordance with the terms of this Order unless Defendant determines that the law governing disclosure has changed. For future requests and absent Defendant's determination that the law governing disclosure has changed, Defendant will disclose an ERIC Report in the same manner as the 2019 and 2020 ERIC Reports noted above only if three calendar years have passed

4

since the latest date of death noted in the report. Otherwise, Defendant will disclose the requested ERIC Report in the same manner as the 2021 ERIC Reports noted above.

## ATTORNEY'S FEES, COSTS, AND EXPENSES

23. Each party shall bear its own attorney's fees, costs, and expenses related to the Litigation.

## RELEASE AND DISMISSAL

24. Upon entering this Order, Plaintiff shall and hereby does release and discharge Defendant, and her respective successors and assigns and any other State of Colorado agencies, officials, or political subdivisions, from any and all claims, liabilities, causes of action, suits, debts, damages, judgments, contracts, controversies, agreements, obligations, promises, costs, expenses (including but not limited to attorney's fees), contingent or vested, in law or equity, Plaintiff ever had or may have ever had from the beginning of time through the date this Order is entered, whether known or unknown, arising from the conduct related to the Litigation.

25. This Order constitutes a full settlement of and shall resolve all claims made by Plaintiff against Defendant in this Litigation. Upon entry of this Order, the Parties agree that this action shall be dismissed. The Parties shall file a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) within 14 days of Defendant producing the ERIC Reports described above to Plaintiff. The stipulation shall state that the dismissal is with prejudice and that each party shall bear their own costs and attorney's fees.

**For the Plaintiff: Public Interest Legal Foundation, Inc.**


| _/s/ Noel. H. Johnson_ | _11/28/2023_ |
| Noel H. Johnson | Date |

Counsel for Public Interest Legal Foundation, Inc.

**For the Defendant: Jena Griswold, Colorado Secretary of State**

  /s/ Christopher Beall                                              12/1/2023
Christopher Beall                                                   Date
Deputy Colorado Secretary of State

**Approved as to Form:**

  /s/ Grant T. Sullivan
Grant T. Sullivan
Assistant Solicitor General
*Counsel to Defendant*

This Stipulated Order is issued this _____ day of _____, 20___.


_____
Philip A. Brimmer
Chief Judge
United States District Court
District of Colorado