IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State for the State of Colorado,

    Defendant.

---

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    The matter before the Court is the Joint Motion for Entry of Stipulated Order Re: Settlement [Docket No. 56]. The motion states that the parties have resolved their dispute and have reached a mutually agreeable settlement in principle. *Id.* at 1. The parties request that the Court sign the Stipulated Order that they have appended to the motion. *Id.*; Docket No. 56-1. The motion indicates that, should the Court agree to sign the parties' settlement agreement and enter the agreement as an order of the Court, the parties will file a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Docket No. 56 at 1.

    Although labeled a "stipulated order," the proposed order is really a hybrid settlement agreement and order. Because the Court is not a party to the settlement agreement, the Court declines to sign the agreement as an order of the Court. However, the Court appreciates that the parties have resolved this matter. The Court has prepared a proposed order, which construes the "stipulated order" as the parties' settlement agreement, that may be acceptable to the parties, or the parties could re-format their settlement agreement such that the Court could enter a separate order approving it. The parties should notify the Court of their preference on or before September 17, 2024.

    However, if the Court were to construe the parties' motion as a motion for the Court to retain jurisdiction of the case, the Court would deny the motion. A district court may retain jurisdiction over a case to enforce the terms of a settlement agreement provided that the order of dismissal shows an intent to retain jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–81 (1994).

Nevertheless, "[e]xcept in extraordinary circumstances, the Court will not retain jurisdiction . . . over cases that have been settled. . . .  Any motion or stipulation for dismissal requesting that the Court retain jurisdiction after dismissal shall explain in detail the extraordinary circumstances necessitating such an approach."  Practice Standards (Civil Cases), Judge Philip A. Brimmer § I.H.5.  The parties do not identify any extraordinary circumstances here, and the Court will not retain jurisdiction.

Wherefore, the Joint Motion for Entry of Stipulated Order Re: Settlement [Docket No. 56] is **DENIED**.

DATED September 6, 2024.