IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03384-PAB-MEH

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State for the State of Colorado,

    Defendant.

_____

### [Proposed] ORDER
_____

On December 16, 2021, plaintiff Public Interest Legal Foundation, Inc. ("PILF") filed this action against defendant Jena Griswold, in her official capacity as Secretary of State for the State of Colorado ("the Secretary"). Docket No. 1. In its complaint, PILF brings a single claim against the Secretary for alleged violations of Section 8(i) of the National Voter Registration Act of 1993, 52 U.S.C. § 20507(i). *Id.* at 13, ¶¶ 67–72. The Act provides that "[e]ach State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered." 52 U.S.C. § 20507(i)(1). The Act further provides that "[t]he records maintained pursuant to paragraph (1) shall include lists of the names and addresses of all persons to whom

notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made." *Id.*, § 20507(i)(2).  PILF alleges that the Secretary violated the Act by failing to permit PILF to inspect certain data and reports from the Electronic Registration Information Center ("ERIC"), of which Colorado is a member.  Docket No. 1 at 3–4, 8–9, ¶¶ 9, 12, 33, 36.  The Secretary denies any violation of the Act.  Docket No. 51 at 6, ¶¶ 67–72.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 52 U.S.C. § 20510(b).

The parties have resolved their dispute in this case through a mutually agreeable settlement.  Docket No. 56 at 1.  As part of that settlement, the parties have filed a "stipulated order," which the Court will treat as the parties' settlement agreement, requiring the Secretary to turn over to PILF certain information in ERIC Reports for the years 2019, 2020, and 2021.  The parties have further stipulated to the dismissal of PILF's claim against the Secretary with prejudice.

Wherefore, it is

**ORDERED** that on or before [**forty-five days from the date of this order**] defendant shall provide to plaintiff the 2019 and 2020 ERIC Reports, which shall include all data described in columns 1 through 48 and 51 of the ERIC Report Key.[1]  Defendant shall redact only column 49 of the ERIC Report Key.  It is further

**ORDERED** that on or before [**forty-five days from the date of this order**] defendant shall provide to plaintiff the 2021 ERIC Reports, which shall include all data

---

[1] For purposes of this order, the "ERIC Report Key" is Exhibit A to parties' Joint Motion for Entry of Stipulated Order Re: Settlement, attached to this order as Exhibit A.  Docket No. 56-2.

2

described in columns 1 through 48 of the ERIC Report Key.  Defendant shall redact only columns 49 through 58 of the ERIC Report Key.  It is further

**ORDERED** that plaintiff's claim against defendant for violations of the National Voter Registration Act of 1993, 52 U.S.C. § 20507(i), is **DISMISSED with prejudice**.  It is further

**ORDERED** that this case is closed, with each party bearing its own attorney's fees, costs, and expenses.

DATED__ __, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge